UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LEGRONE, #179736,

      Petitioner,

v.                                      CASE NO. 2:21-CV-12240
                                        HONORABLE DENISE PAGE HOOD

FREDEANE ARTIS,

      Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner James LeGrone ("Petitioner"), currently confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1992 convictions for first-degree murder, armed robbery, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Wayne County Circuit Court (then the Recorder's Court for the City of Detroit). He was sentenced to life imprisonment without the possibility of parole, a concurrent term of 25 to 40 years imprisonment, and a consecutive term of two years on those convictions. In his current petition, he raises claims concerning the jury verdict form and the effectiveness of trial counsel. Petitioner, however, has previously filed two federal habeas petitions challenging the same convictions and sentences at issue in this case, both of which were denied and dismissed with prejudice. *See LeGrone v. Jones*, No. 01-71667 (E.D. Mich. Jan. 11, 2002) (dismissing petition as untimely), *cert. of app. den.*, No. 01-2702 (6th Cir. Sept. 13, 2002); *see also LeGrone v. Birkett*, No. 10-11846, 2012 WL 5379464 (E.D. Mich. Oct. 31, 2012) (denying relief on the merits), *aff'd.* 571 F. App'x 417 (6th Cir. 2014), *cert. den.* 575 U.S. 1030 (2015).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has neither sought nor obtained appellate authorization to file a subsequent federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

s/ David R. Grand<br>
DAVID R. GRAND<br>
UNITED STATES MAGISTRATE JUDGE

Dated: October 1, 2021

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.